IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12CR68-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JONATHAN D. DAVEY, ) | |
| JEFFREY M. TOFT, ) | |
| CHAD A. SLOAT, ) | |
| MICHAEL J. MURPHY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants Jeffrey M. Toft ("Toft"), Chad A. Sloat ("Sloat") and Michael J. Murphy's ("Murphy") "Motion for Severance (Prejudicial Joinder)," Doc. 66, filed August 23, 2012 and Government's "Opposition to Defendants' Motion to Sever," Doc. 67, filed August 28, 2012.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that the Defendants' "Motion for Severance (Prejudicial Joinder)" should be **DENIED**, as discussed below.

On February 22, 2012, Defendants were charged in a four count, twenty-four page Bill of Indictment. All four Defendants are charged with securities fraud conspiracy, wire fraud conspiracy and money laundering conspiracy. Defendant Davey is also charged with tax evasion. This matter has a peremptory trial setting in December 2012.

The Government alleges that Defendants operated a Ponzi scheme, referred to as the "Black Diamond" scheme, that stole over $40,000,000 from over 400 victims. The originator of the scheme, Keith Simmons, was convicted after a jury trial in December 2010 and sentenced to fifty

1

years imprisonment. Six other conspirators, Deanna Salazar, Bryan Coats, James Jordan, Stephen Lacy, Jeff Muyres, and Roy Scarboro, pled guilty between December 2010 and October 2011.

The Government alleges that Defendants Davey, Toft, Sloat, and Murphy each operated their own so-called "hedge funds" for the Black Diamond scheme, along with Salazar, Coats, Jordan, Lacy, Muyres, and Scarboro. Defendant Davey also served as the "Administrator" for Defendants Toft, Sloat, Murphy, and others. As Administrator, Defendant Davey (1) held victim money for Defendants Toft, Sloat, Murphy, (2) wired money at their direction, and (3) published bogus monthly statements on his websites for the victims of Defendants Toft, Sloat, and Murphy. Indictment at ¶9.

The Government further alleges that the four Defendants made similar misrepresentations to obtain funds from victims, promising that they had done due diligence on Black Diamond and that they operated legitimate hedge funds. Id. at ¶¶19-26k. The Government also maintains that as Black Diamond began to collapse, Defendants Davey, Toft, Sloat, and Murphy conspired with each other and the other co-conspirators to start a derivative Ponzi scheme. In the new scheme, Defendants Toft, Sloat, and Murphy would deposit new victim money into a Ponzi account controlled by Defendant Davey, where it could be used to fund the personal lifestyles and projects of Defendants Davey, Toft, Sloat, and Murphy, as well as to make Ponzi payments to other victims. Id. at ¶¶27-31. The Government represents that its evidence will show how victim money was diverted to each of Defendants Davey, Toft, Sloat, and Murphy, how they used it, and in some cases, how this income was treated for tax purposes.

Defendants Toft, Sloat, and Murphy filed the instant Motion requesting the Court sever their trial from that of Defendant Davey on the grounds of improper and prejudicial joinder pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Thus, "[t]he test for joinder under Rule 8(b) is whether the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions.'" United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978) (quoting Fed. R. Crim. P. 8(b)). In those instances "[w]here the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." Id. In this case, Defendants are all charged with participating in the same conspiracy. Therefore, the Court finds that joinder is proper.

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in conducting separate trials against the prejudice to the defendants caused by a joint trial." United States v. Smith, 44 F.3d 1259, 1266-7 (4th Cir. 1995). "The district court's decision to grant or deny a motion for severance will be overturned only for a clear abuse of discretion. Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quotation omitted). It is the defendants burden to show "that a joint trial would be so unfairly

prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1079-80 (4th Cir. 1993).

The Supreme Court has made clear that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). There are several reasons for this preference. Joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. Joint trials also promote "economy and efficiency" and allow the Court and litigants to "avoid a multiplicity of trials." Id. at 540. The Fourth Circuit recently reiterated, "[w]e adhere to the general principle that when defendants are indicted together, they should be tried together." United States v. Dinkins, 2012 WL 3292417, _ F.3d _ (4th Cir. Aug. 14, 2012).

The preference for joint trials is particularly strong in conspiracy cases. "[J]oinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons of efficiency and judicial economy." Id. (quoting United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986)) (alterations in original). As the Fourth Circuit recognized, "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all co-conspirators in furtherance of the conspiracy." Tedder, 801 F.2d at 1450.

Defendants allege possible prejudice "as a result of potential guilt transference or the 'spill over' effect arising from the volume and character of evidence admitted against Defendant Davey", "jury confusion of the relevant issues" and the possible "need to assert defenses which are inconsistent or antagonistic to the defense raised by Defendant Davey." These very generalized and speculative allegations do not meet the burden of showing that a miscarriage of justice would result from a joint trial. Doc. 66 at 3-4. The Fourth Circuit has held that "[s]peculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion

4

for severance." United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978).

For the foregoing reasons, Defendants'"Motion for Severance (Prejudicial Joinder) is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**　　　　　　　　　　Signed: August 29, 2012

David S. Cayer
United States Magistrate Judge