# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12CR68-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) **ORDER**<br>**(1) JONATHAN D. DAVEY,** )<br>**(2) JEFFREY M. TOFT,** )<br>**(3) CHAD A. SLOAT,** )<br>**(4) MICHAEL J. MURPHY,** )<br>)<br>Defendants. )<br>) | |

**THIS MATTER** is before the Court on Defendant Jonathan D. Davey's "Motion for Severance (Prejudicial Joinder)," Doc. 79, filed October 3, 2012 and Government's "Opposition to Defendants' Motion to Sever," Doc. 80, filed October 3, 2012.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant Jonathan D. Davey's "Motion for Severance (Prejudicial Joinder)" should be **DENIED**, as discussed below.

On August 23, 2012, Defendants Toft, Sloat, and Murphy filed a Motion requesting that the Court sever their trial from Defendant Davey on the grounds of improper and prejudicial joinder pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure. On August 29, 2012, the Court issued an Order denying the Defendants' Motion. Doc. 69. The facts of this case are discussed in detail in that Order. Id.

Defendant Davey states that he intended to file a motion adopting his co-Defendants' Motion to Sever, but the Court ruled before he had an opportunity to do so. Davey argues that his trial should be severed from his co-Defendants on the grounds of improper and prejudicial joinder.

1

Davey asserts that he will be unfairly prejudiced because his co-defendants "may assert defenses which are inconsistent or antagonistic to the defense raised by [Davey]." Additionally, he asserts that "the disparity in the volume of allegations and evidence between the co-defendants may unfairly prejudice Davey by joinder as well."

Based on the case law and Federal Rules of Criminal Procedure cited by the Court in its August 29, 2012 Order (doc. 69), the Court finds that joinder is proper and that Defendant Davey's allegations of possible prejudice do not meet the burden of showing that a miscarriage of justice would result from a joint trial.

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Severance.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**   Signed: October 5, 2012

David S. Cayer
United States Magistrate Judge